**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT H. WOLCOFF; HEATHER WOLCOFF, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; ANN MARIE YOST, <br><br> Defendants - Appellees. | No. 10-35805 <br><br> D.C. No. 3:08-cv-00032-JWS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 29, 2011
Anchorage, Alaska

Before: B. FLETCHER, KLEINFELD, and CALLAHAN, Circuit Judges.

Plaintiffs-appellants Robert and Heather Wolcoff ("the Wolcoffs") appeal

the district court's grant of summary judgment to defendant-appellant Dr. Ann

Marie Yost.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert Wolcoff sought treatment at the Alaska Native Medical Center ("ANMC"), a federally-funded hospital, in June 2005, at which time Dr. Yost performed lumbar surgery on him. On account of injuries allegedly sustained during that operation, and after exhausting their administrative remedies, *see* 28 U.S.C. § 2675(a), the Wolcoffs filed a complaint for medical malpractice against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq. Three months later, the United States filed an answer to the Wolcoffs' complaint indicating that Dr. Yost may not, in fact, be a federal employee. The Wolcoffs subsequently amended their complaint to add a state tort claim against Dr. Yost personally.

Dr. Yost moved for summary judgment, arguing that the Wolcoffs' state tort claim was time-barred.[1] The district court agreed and entered judgment for Dr. Yost. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

---

[1] Dr. Yost argued in the alternative that she was an independent contractor who had been hired through Vista Staffing Solutions for *locum tenens* work, and thus was never a federal employee as alleged in the Wolcoffs' first amended complaint. As explained below, the independent contractor defense belongs to the proper defendant to the FTCA claim — the United States — and so we do not address it here.

[2] The Wolcoffs' claims against the United States, which is not a party to this appeal, are stayed pending resolution of this appeal.

The statute of limitations for tort actions in Alaska is two years. *See* Alaska Stat. § 09.10.070(a); *Kaiser v. Umialik Ins.*, 108 P.3d 876, 880 (Alaska 2005). "The statute of limitations ordinarily begins to run on the date the plaintiff is injured." *Sengupta v. Wickwire*, 124 P.3d 748, 753 (Alaska 2005).

Alaska courts "have consistently held that the discovery rule applies to professional malpractice actions," including medical malpractice claims. *Preblich v. Zorea*, 996 P.2d 730, 733 & n.13 (Alaska 2000). Under this rule, "the cause of action accrues when the plaintiff has information sufficient to alert a reasonable person to the fact that he has a potential cause of action." *Id.*

Here, it is undisputed that the surgery that allegedly caused Mr. Wolcoff's injuries occurred on June 22, 2005. Moreover, within one month of that surgery, Mr. Wolcoff was pursuing follow-up treatment, including additional surgery, to correct a condition that persisted after or was created by the first surgery. Yet the Wolcoffs did not amend their complaint to add a claim against Dr. Yost until the spring of 2009 — nearly four years later. Thus, this is not a case where the plaintiff's injury manifested itself only after the statute of limitations had run; nor is it an instance where the cause of the alleged injury was unknown. The classic justifications for extending the discovery rule, therefore, do not apply. *See Pedersen v. Zielski*, 822 P.2d 903, 907 (Alaska 1992).

The discovery rule is of no help to the Wolcoffs. It is undisputed that the Wolcoffs' counsel obtained Mr. Wolcoff's medical records from ANMC and hired an expert witness to evaluate the Wolcoffs' claims. The expert prepared a report, dated October 23, 2006, in which he concluded that "the initial care and the first two surgical procedures [performed on Mr. Wolcoff] were inadequate and fell below the standard of care." At the very latest, then, the Wolcoffs knew of a potential medical malpractice claim against Dr. Yost by the date of the expert's report. Assuming without deciding that limitations did not begin to run until October 23, 2006, the amended complaint, filed in March 2009, was nevertheless untimely by almost six months.

In the alternative to their discovery-rule argument, the Wolcoffs argue that equitable tolling applies to their state tort claim against Dr. Yost. Such equitable tolling requires due diligence. *See Hensley v. United States*, 531 F.3d 1052, 1057–58 (9th Cir. 2008). The undisputed facts show that the Wolcoffs had the "vital information" bearing on the existence of their tort claim by no later than October 2006. The record before us does not demonstrate that the Wolcoffs could not, with the exercise of due diligence, have sued Dr. Yost in her individual capacity within two years of Mr. Wolcoff's June 2005 surgery. As plaintiffs, the

Wolcoffs bore the burden "to determine whether and whom to sue, within the applicable statute of limitations." *Id.* at 1058.

Dr. Yost's alleged status as an independent contractor is a defense relevant only to the Wolcoffs' FTCA claim and thus belongs to the United States — the sole proper defendant to that claim. *See* 28 U.S.C. § 2679(b). Because we affirm the district court's grant of summary judgment to Dr. Yost on alternative grounds, however, we do not address further here the lower court's independent contractor analysis.

**AFFIRMED.**